UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RA NU RA KHUTI AMEN BEY,

    Plaintiff,

v.                                Case No: 8:21-cv-926-TPB-TGW

RICHARD FEMO, et. al.,

    Defendants.
_____/

**ORDER DENYING MOTION TO REMAND
AND DISMISSING ACTION**

    Plaintiff, representing himself, filed a complaint styled as a "Claim for Relief" in Hillsborough County circuit court against various United States Postal Service employees and the Postmaster for Tampa. (Doc. 1-1). The complaint seeks compensatory and punitive damages for intentional and/or negligent conduct by the employees arising out of a heated discussion between Plaintiff, another customer, and employees at a Post Office branch in Tampa. Plaintiff appears to assert that he is entitled to relief under the Fifth and Fourteenth Amendments to the United States Constitution. He also invokes, among other things, the "Zodiac Constitution © AA222141," the "Constitution of the United States of America North Continent Article I section 8," and the "Treaty of Peace & Friendship 1787 Between Morocco and the United States Article 7 and Article 21." (*Id.* at 2).

    Defendants removed the case to this Court and have filed certifications by the acting United States Attorney that Defendants were acting within the course and

scope of their employment for the federal government at the time of the alleged incidents that form the basis of Plaintiff's claims. (Docs. 1; 22-1). Plaintiff has filed a motion to remand and Defendants have moved to dismiss. (Docs. 9; 22).

Plaintiff's remand motion refers to the removal as being "untimely" but offers no factual support, argument, or legal authority on this point. The motion to remand is denied as to this ground. *See* 28 U.S.C. § 2679(d)(2) (upon certification by the Attorney General, action may be removed at any time before trial). Plaintiff's suit seeks damages for wrongful or negligent conduct by federal employees acting within the scope of their employment. Viewed as a tort claim, Plaintiff's suit would be cognizable if at all as a suit against the United States under the Federal Tort Claims Act ("FTCA"). The Court therefore has jurisdiction under 28 U.S.C. § 1346(b)(1), 28 U.S.C. §2679(b)(1), and 28 U.S.C. § 2679(d)(1), (2). *See Osborn v. Haley,* 549 U.S. 225, 241 (2007); *James v. Jacksonville Bulk Mail Ctr.*, No. 3:06-cv-J-1120-34JRK, 2009 WL 2901197, at *5 (M.D. Fla. Sept. 4, 2009). Viewed as a claim for violations of the United States Constitution, the Court would have jurisdiction under 28 U.S.C. § 1331.

Defendants argue that Plaintiff fails to allege facts showing an entitlement to relief, whether the suit is governed by the FTCA or is viewed as an action for violation of his federal constitutional rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's incomprehensible response fails to address Defendants' arguments. Plaintiff's claims, allegations, and citations are similar to those in "sovereign citizen" cases,

which courts "have routinely dismissed as frivolous." *Banks v. Pompeo*, No. 2:19-cv-755-FtM-29-NPM, 2019 WL 11477403, at *2 (M.D. Fla. Dec. 11, 2019), *report and recommendation adopted*, 2019 WL 11478072 (M.D. Fla. Dec. 30, 2019). Defendants' motion to dismiss will be granted.

Given Plaintiff's pro se status, the Court would ordinarily allow Plaintiff an opportunity to amend the complaint. However, because Plaintiff's complaint is "wholly insubstantial, unintelligible and frivolous," leave to amend would be futile.[1] *See, e.g., Banks*, 2019 WL 11477403, at *2 (citing, *inter alia*, *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019)); *see also Bey v. McEwen,* No. 8:20-cv-4-T-36TGW, 2019 WL 838240, at *2 (M.D. Fla. Jan. 28, 2020), *report and recommendation adopted*, 2020 WL 836270 (M.D. Fla. Feb. 20, 2020) (dismissing complaint against bankruptcy judge without leave to amend); *McKenna v. Obama*, 3:15cv335/MCR/CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016) ("[F]urther processing of what might be loosely described as plaintiff's claims, would result in waste of scarce public resources and would only serve as an incentive to further abuses."), *report and recommendation adopted*, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016). Therefore, the complaint will be dismissed with prejudice as to all Defendants.

---

[1] Plaintiff has filed other papers in this proceeding that are replete with nonsensical or incomprehensible allegations and arguments. *See, e.g.*, (Docs. 7, 8, 14, 33). Plaintiff also filed two suits in state court earlier this year against various public officials including state and federal judges. Both suits were removed to federal court and dismissed with prejudice as frivolous. *See Amen Bey v. Stuart*, 8:21-cv-920-SDM-JSS, Doc. 60 (M.D. Fla. July 6, 2021) (notice of appeal filed); *Amen Bey v. Stuart*, 8:21-cv-940, Doc. 47 (July 22, 2021) (notice of appeal filed).

Plaintiff is warned against the filing of further frivolous pleadings and papers. A court may exercise its inherent judicial authority to sanction an abusive litigant. *See, e.g., Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Sindram*, 498 U.S. 177 (1991). The filing of frivolous pleadings and other papers such those filed by Plaintiff in this case is abusive, because "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Motion/Affidavit to Remand pursuant to 28 USC 1447(c)" (Doc. 9) is **DENIED.**

(2) "Defendants' Motion to Dismiss with Prejudice" (Doc. 22) is **GRANTED**.

(3) Plaintiff's complaint is **DISMISSED WITH PREJUDICE**, without leave to amend.

(4) This action is **DISMISSED**. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th of October, 2021.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**